**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| YVONNE BARANOWSKI, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-3413 |
| v. | ) | |
| | ) | |
| HEALTHCARE REVENUE RECOVERY, | ) | |
| GROUP LLC., d/b/a ARS ACCOUNT | ) | |
| RESOLUTION SERVICES | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Yvonne Baranowski, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Yvonne Baranowski ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Midwest Emergency Associates Ltd.. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, HealthCare Revenue Recovery Group, LLC., d/b/a ARS Account Resolution Service, ("ARS"), is a Florida limited liability company with its principal place of business at 1643 N. Harrison Pkwy Bd. Suite 100 Sunrise, FL 33323. It does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co., located at 801 Adlai Stevenson Dr. Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant ARS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant ARS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred debts for medical services, originally to Midwest Emergency Associates Ltd. ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

8. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. ARS was subsequently retained to collect the alleged debt.

10. Plaintiff sought assistance from the legal aid attorneys at the Debtors Legal Clinic.

11. On January 5, 2015, Plaintiff's legal aid attorneys notified ARS that Plaintiff disputed the validity of indebtedness as alleged by ARS. (Exhibit B, Dispute Letter).

12. ARS received the notification from Plaintiff's attorneys shortly thereafter.

13. On or about January 31, 2015 ARS communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including an account number for the account, the original creditor and a pay status. (Exhibit C, TransUnion Credit Report).

14. Credit reporting by a debt collector constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

15. ARS failed to communicate that Plaintiff's alleged debt was disputed when it communicated information to TransUnion, relating to the account, on January 31, 2015.

16. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations.**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

17. On or before January 31, 2015 ARS knew or should have known that Plaintiff had disputed the alleged debts because Plaintiff's counsel had previously notified ARS of that dispute by letter on January 5, 2015.

18. Even though ARS knew or should have known, prior to January 31, 2015 that Plaintiff disputed the alleged debts, ARS failed to thereafter communicate the fact of Plaintiff's dispute to the TransUnion credit reporting agency when ARS communicated other information regarding the alleged debts on January 31, 2015 in violation of 15 U.S.C. § 1692e(8).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff re-alleges paragraphs 1-18 as if set forth fully in this count.

20. ARS failed to communicate that a disputed debt was disputed, in violation of 15 U.S.C. §§ 1692e and 1692e(8) when it communicated other information regarding the alleged debt to the TransUnion consumer reporting agency without noting the fact of Plaintiff's dispute made previously to ARS.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant for the count alleged above for:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com